STATE *vs.* RICHARD E. BLOOD.

APRIL 5, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. In this indictment for murder, this court overruled all of the defendant's exceptions and remitted the case to the superior court for further proceedings. *State v. Blood,* 70 R. I. 85. Following that opinion and before the superior court had imposed sentence, the defendant filed therein a motion in arrest of judgment and a motion that another autopsy by a disinterested medical expert be performed on the body of his deceased wife. After a hearing both of these motions were denied by the trial justice, and the defendant was then sentenced and committed. He is now prosecuting his bill of exceptions to the two rulings denying the above-mentioned motions.

After such bill of exceptions was filed in this court, the defendant expressed a desire to himself argue his exceptions and he wrote to the clerk of this court the following letter in his own handwriting and signed by him personally:

"Ex 8673
Dec 13. 1945

Clerk of the Supreme Court
Providence R. I.

I do not desire the services of the Public Defender or of any attorney to represent me in the matter of my pending exceptions. I reject the offer of the State for the legal assistance to which I might be entitled and

choose and elect to act as my own attorney in this matter

Respectfully

Richard E. Blood."

This letter is on file with the papers in the case. The office of the public defender thereupon asked this court that it be excused from further participation in the case and we granted such request, thus releasing that office from further responsibility as counsel for the defendant. The exceptions now before us were thereafter argued personally by the defendant.

While he does not expressly waive his exception to the denial of his motion in arrest of judgment, in argument he admitted in substance that, under all the circumstances, such exception was not a good one and could not be sustained. In this state by statute a motion of this nature is of limited scope. The statute, general laws 1938, chapter 522, §1, reads in part as follows: "No motion in arrest of judgment shall be made except for want of jurisdiction." The defendant, however, fails entirely to point out any want of jurisdiction in the trial court to fully dispose of the instant indictment. We find that such court had unquestioned jurisdiction over both the subject matter and the defendant. This exception therefore is without merit and is overruled.

The defendant's motion for a new autopsy is of an unusual nature considering the time, manner and circumstances of its making. The basis thereof, in substance and effect, was first presented to us in another form prior to the filing of our opinion in State v. Blood, 70 R. I. 85. The defendant then filed with the clerk of this court an affidavit setting forth alleged facts and reasons why the autopsy performed by the medical examiner was not correct in certain portions as therein stated. Although this method of presenting alleged newly discovered evidence was not in accordance with approved practice, we nevertheless examined such affidavit and the facts therein set forth and we then held that it presented nothing which amounted legally to newly discovered evi-

dence, so as to require the granting of a new trial upon that ground. See *State* v. *Blood, supra.* We now affirm that holding.

The affidavit and alleged facts that are relied upon to support the defendant's present motion for a second autopsy are precisely the same as those previously filed and considered by us as above set forth. It is clear that the defendant in his present motion and affidavit has alleged nothing that amounts legally to newly discovered evidence, or which would otherwise require the ordering of a second autopsy, but is merely asking for another autopsy in the hope that he might discover some evidence which, in his opinion, might aid him if he could have another trial.

The defendant also contends, as we understand it, that the denial of this motion deprived him of fundamental legal rights which are guaranteed to him under both the state and federal constitutions. In this connection his argument for the most part is couched in general terms without any great degree of particularity or proof as to wherein he had been thus deprived of any of such rights. His argument and brief are apparently based upon alleged facts and matters which are not to be found in the record of his trial or in the files of the court. In our judgment the defendant is now attempting to make a different record from that upon which his case was decided by the jury, approved by the trial justice, and affirmed by this court.

In one respect, in support of his motion for a new autopsy, the defendant does specifically make the claim that his right to call witnesses in his own defense had been violated. Upon examination of the whole record we find no basis for this claim. The defendant has had two complete jury trials, and our reviews thereof are reported respectively in 68 R. I. 160, and 70 R. I. 85. In each trial the defendant, at the state's expense, was represented by able and experienced counsel. There is no indication in the record of the second trial that the court denied any request for compulsory process in the

defendant's behalf or that his right to call any witnesses in his own defense had been in any way curtailed.

The record does show that medical experts, who were desired by the defendant, were provided at the state's expense and testified in his defense. Further, in both trials the medical examiner who performed the autopsy on defendant's deceased wife in the presence of at least two witnesses, as required by G. L. 1938, chap. 11, §9, testified for the state and was subjected to searching cross-examination by counsel for the defendant. No request, however, was made during the entire second trial to have any witness to the autopsy called in the defendant's behalf to impeach the record of the autopsy or the testimony of the medical examiner.

It is our opinion that no fundamental constitutional right of the defendant has been denied or curtailed in any way; and that his second trial was a full and fair one according to law and in accordance with the requirements of both state and federal constitutions. We find nothing in the record of the defendant's second trial to require the ordering of a new autopsy and in our opinion the denial of the motion therefor was without error. The defendant's exception to such decision is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court.

*John H. Nolan*, Attorney General, *J. Frederick Murphy*, Asst. Atty. G., for State.

Defendant *pro se ipso*.

